UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE JENKINS, Jr.,

        Plaintiff,

  v.

LARES, et. al.,

        Defendants.

No. 2:13-cv-2273-DB

**ORDER AND FINDINGS AND RECOMMENDATIONS**

Robert Lee Jenkins, Jr. ("plaintiff"), a prisoner at High Desert State Prison, proceeds pro se and in forma pauperis in this civil rights action under 42 U.S.C. §1983. In his second amended complaint, plaintiff asserts four claims against ten defendants for retaliation, excessive force, and violation of due process. (ECF No. 13) Before the court is defendants' motion to sever these four claims into separate actions pursuant Federal Rule of Civil Procedure 21. For the reasons set forth below, the undersigned recommends defendants' motion be GRANTED:

BACKGROUND

Plaintiff initiated these proceedings by filing a complaint on October 31, 2013. (Compl. (ECF No. 1).) The complaint named the following defendants: Correctional Officers Lares, Barker, Young, Parker, Drake, McGrath, Newton, Blauser, and Blankenship; C. Nelson; C. Hale; Lieutenant Angulo; Captain Perry; Warden Barnes; J.D. Lozano; R. Gower; and Sergeant Smith. (Id.) On August 13, 2014, the court issued a screening order in relation to plaintiff's complaint in

| | |
|---|---|
| 1 | accordance with 28 U.S.C. § 1915(a).  (1st Scrn. Ord. (ECF No. 8)).
| 2 | This order dismissed, with leave to amend, all claims except those against Peery, Gower,
| 3 | Barnes, Parker, Drake, McGrath, Blauser, and Smith.  (Id. at 15.)  On August 29, 2014, plaintiff
| 4 | filed an amended complaint.  (Amend. Compl. (ECF No. 11).)  Upon screening, the court found
| 5 | that plaintiff's amended complaint clarified plaintiff's original allegations against defendants
| 6 | Lares and Barker, but failed to include all other potentially colorable claims from the original
| 7 | complaint.  (2nd Scrn. Ord. (ECF No. 12).)  Thereafter, the court directed plaintiff to file a second
| 8 | amended complaint (SAC) "that include[d] those claims found cognizable in the original
| 9 | complaint and those clarifying facts contained in the amended complaint against Lares and
| 10 | Barker."  (Id. at 2.)
| 11 | Plaintiff filed an SAC on May 14, 2015.  (SAC (ECF No. 13).)  On March 6, 2017 the
| 12 | court issued a screening order for plaintiff's SAC, in which it found that plaintiff had stated the
| 13 | following cognizable claims: (a) a Fourteenth Amendment violation of due process claim against
| 14 | defendants Peery, Gower, and Barnes; (b) a First Amendment retaliation claim against defendants
| 15 | McGrath, Parker, and Drake; (c) a First Amendment retaliation claim against Lares and Barker;
| 16 | and (d) an Eighth Amendment excessive force claim against Blauser and Smith.  (3rd Scrn. Ord.
| 17 | (ECF No. 15) at 3.)
| 18 | On May 24, 2017 defendants filed a motion to sever pursuant Federal Rule of Civil
| 19 | Procedure Rule 21.  (Mot. to Sev. (ECF No. 23).)  Defendants argue that plaintiff's SAC
| 20 | circumvents the filing fee provisions set forth in the Prisoner Litigation Reform Act by
| 21 | "consolidate[ing] four unrelated 2012 events into one lawsuit against ten [d]efendants."  (Memo.
| 22 | Pts. Auths. (ECF No. 23-1) at 1.)  Defendants further argue that "the only thread unifying the
| 23 | actions is that they each happened at High Desert State Prison (HDSP) in 2012."  (Id.)
| 24 | Otherwise, defendants assert, plaintiff's allegations neither arise from the same transaction or
| 25 | occurrence, nor implicate common questions of law and fact as required for permissive joinder
| 26 | under Federal Rule of Civil Procedure 20.  (Id. at 3.)
| 27 | Plaintiff filed an opposition to the motion on June 16, 2017.  (Opp. Mot. (ECF No. 28).)
| 28 | Defendants filed a reply on June 20, 2017.  (Def. Reply (ECF No. 29).)

FACTS

The claims and factual allegations set forth in plaintiff's SAC are summarized below.

**I.   Violation of Due Process Claim Against Defendants Peery, Gower, and Barnes**

On February 12, 2012 plaintiff was issued a lock-up order and was subsequently placed in administrative segregation ("ad-seg"). (SAC (ECF No. 13 at 4).) Plaintiff was placed in ad-seg due to safety concerns arising from allegations made by plaintiff regarding staff misconduct. (Ex. to Compl. (ECF No. 1 at 23).)[1] Plaintiff alleges that defendants Peery, Gower, and Barnes were responsible for reviewing his lock-up order and placement in ad-seg. (SAC (ECF No. 13 at 4).)

Documents submitted by plaintiff indicate that both a lock-up review hearing (on February 13, 2012) and classification committee hearing (on February 16, 2012) were conducted in relation to plaintiff's placement in ad-seg. (Ex. to Compl. (ECF No. 1 at 20).) However, plaintiff states that he was never called for either hearing. (SAC (ECF No. 13 at 4).) Plaintiff further alleges that defendants Peery, Gower, and Barnes made misrepresentations that plaintiff had refused to appear at the lock up review and classification committee hearings. (Id.) As a result, plaintiff was left in ad-seg for 25 days without a hearing, until his release from ad-seg on March 8, 2012. (Id.; Ex. to Compl. (ECF No. 1 at 20).) Based on these facts, plaintiff asserts a violation of due process claim against Peery, Gower, and Barnes.

**II.   Retaliation Claim Against Defendants Parker, Drake, and McGrath**

On June 6, 2012, plaintiff's cell was searched by defendants McGrath and Lares. (SAC (ECF No. 13 at 5).) Plaintiff alleges that, in the course of the cell search, McGrath took several personal photos out of plaintiff's photo album, as well as legal documents belonging to plaintiff. (Id.) In response, plaintiff told McGrath he would be filing a 602 inmate grievance against him. (Id.) Plaintiff states that McGrath then left plaintiff's cell, returned to the Program Office, and "told some[one] that [p]laintiff was going to file a 602 against him." (Id. at 6.)

Within ten minutes, defendants Parker and Drake came to plaintiff's cell to conduct a second cell search. (Id.) During this search, Parker and Drake confiscated multiple personal

---

[1] Exhibits appended to Plaintiffs complaint and amended complaint were considered as part of the second amended complaint. (2nd Scrn. Ord. ECF No. 12 at 3.)

3

items belonging to plaintiff. (Id.) Plaintiff further alleges that Drake grabbed plaintiff's state jacket, buttoned it up, and then ripped off all the buttons while stating "you will be receiving a CDCR-115 for altered state property." (Id.) Less than ten days later, plaintiff was issued a CDCR-115 in connection with the destruction of his state jacket. (Id.) Plaintiff alleges the above actions were carried out by McGrath, Parker, and Drake in retaliation for plaintiff threatening to file a 602 inmate grievance against McGrath. (Id.)

### III. Retaliation Claim Against Defendants Lares and Barker

On June 12, 2012,[2] plaintiff was called to the Program Office for a 602 interview. (Id. at 4.) Plaintiff states that when he arrived for the interview, defendants Barker and Lares were "posted up at the front door." (Id.) Plaintiff alleges that during the interview, Lares stood right behind plaintiff in an attempt to intimidate him. (Id. at 4–5.)

Plaintiff further alleges that after he left the interview, Lares walked close behind him and kicked the back of his feet in an attempt to trip him. (Id. at 5.) After plaintiff asked why Lares was trying to trip him, both Lares and Barker "got up in [p]laintiff's face" (Id.) Lares and Barker then stood close to plaintiff on either side and began to verbally harass him with derogatory comments and name calling. (Id.) Plaintiff asserts that this was an attempt by Lares and Barker to provoke plaintiff into violence. (Id.) Plaintiff concludes that Lares and Barker were acting in retaliation for 602 grievances plaintiff had previously filed against them. (Id.)

### IV. Excessive Force Claim Against Defendants Blauser and Smith

On December 2, 2012, plaintiff was removed from his cell by defendants Blauser and Smith for a cell search. (Id. at 6.) Upon exiting his cell, plaintiff was handcuffed by Blauser. (Id.) Plaintiff alleges that Blauser lifted plaintiff's handcuffed hands unnecessarily high behind his back, causing extreme pain. (Id. at 6–7.) Plaintiff alleges that he complained of his pain to Smith, who was standing nearby, but that Smith did nothing. (Id. at 7.) Based on this incident, plaintiff asserts a claim of excessive force against Blauser and Smith. (Id.)

---

[2] While plaintiff's SAC indicates the events implicating Barker and Lares occurred on June 12, 2012, plaintiff's opposition motion indicates that the events occurred on May 22, 2012. (Opp. Mot. (ECF No. 28 at 2).)

4

LEGAL STANDARDS

Defendants brought their motion to sever pursuant Federal Rule of Civil Procedure 21. "By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none. Hence it must incorporate standards to be found elsewhere." Pan Am. World Airways, Inc. v. United States Dist. Court for Cent. Dist., 523 F.2d 1073, 1079 (9th Cir. 1975). Since plaintiff's claims each involve a discrete group of defendants, none of whom is a required party,[3] the proper standards for joinder can be gleaned from Federal Rule of Civil Procedure 20.

Rule 20 governs permissive joinder of parties to an action and sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)). Subject to these requirements, Rule 20 permits related claims against different defendants to be brought in one lawsuit. See League to Save Lake Tahoe, 623 F.2d. at 917 (finding permissive joinder of defendants was proper where both requirements of Rule 20 were met). Conversely, unrelated claims against different defendants must be pursued in separate lawsuits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "In assessing whether the requirements of Rule 20 are met, courts must accept the factual allegations in a plaintiff's complaint as true." Gibson v. Rosati, No. 9:13-CV-00503 (GLS/TWD), 2014 U.S. Dist. LEXIS 106689, at *24 (N.D.N.Y. June 28, 2014). The plaintiff bears the burden of demonstrating that the requirements of permissive joinder are satisfied. Id.

If the requirements for permissive joinder are not satisfied, courts may look to Rule 21. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Under Rule 21, where a court finds

---

[3] Federal Rule of Civil Procedure 19 defines a required party as a party who must be joined if (A) "in that person's absence, the court cannot accord complete relief among existing parties;" or (B) that person claims an interest related to the subject of the action, such that disposing of the action without that person may impede the person's ability to protect the interest, or leave an existing party subject to substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest.

misjoinder, it may "drop a party" or "sever any claim against a party" as it considers just. Fed. R. Civ. P. 21. Misjoinder, however, is not grounds for dismissal of an action. Id. Courts have broad discretion in deciding on a motion to sever. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000). If the test for permissive joinder is not satisfied, a court may sever the misjoined parties, "as long as no substantial right will be prejudiced by the severance." Coughlin, 130 F.3d at 1350.

ANALYSIS

**I. Rule 20 Requirements**

Upon analysis of plaintiff's SAC, the undersigned finds that plaintiff fails to satisfy the requirements for permissive joinder of defendants under Rule 20.

**A. "Same Transaction or Occurrence"**

The "same transaction or occurrence" requirement for permissive joinder refers to similarity in the factual background of joined claims. Coughlin, 130 F.3d at 1350. "Claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" can be said to arise out of the same transaction or occurrence. Bautista v. Los Angeles County, 216 F.3d 837, 842–843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin, 130 F.3d at 1350 and Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960)).

Defendants argue that plaintiff's SAC "reads as a chronology of unrelated incidents during plaintiff's 2012 housing at HDSP" and that "plaintiff failed to plead any link between various episodes." (Memo. Pts. Auths. (ECF No. 23-1) at 4.) A close examination of plaintiff's claims supports defendants' argument. Each of plaintiff's claims relates to a separate transaction or occurrence.

First, plaintiff alleges defendants Peery, Gower, and Barnes violated his right to due process by failing to provide him with a timely hearing in relation to his February 12, 2012 ad-seg placement. (SAC (ECF No. 13 at 4).) Second, plaintiff alleges defendants Parker, Drake, and McGrath retaliated against him on June 6, 2012 by conducting a punitive cell search, confiscating his property, and destroying his state-issued jacket. (Id. at 4–5.) Plaintiff does not connect these retaliatory actions to his prior ad-seg confinement and due process claims. Rather, plaintiff's

6

SAC and supporting documents allege that this retaliation resulted from a 602 grievance plaintiff filed against McGrath on that same date. (Id. at 6; Ex. to Compl. (ECF No. 1 at 67).)

Third, plaintiff alleges defendants Barker and Lares retaliated against him on June 12, 2012 by intimidating him during a 602 interview, harassing him, and attempting to trip him. (SAC (ECF No. 13 at 5–6).) Plaintiff does not connect this retaliation to his due process claim or to his retaliation claim against Parker, Drake and McGrath. Instead, plaintiff's SAC alleges that this retaliation resulted from 602 grievances plaintiff had previously filed against Barker and Lares for interfering with his use of the inmate grievance system. (Id. at 6.)

Finally, plaintiff claims Blauser and Smith used excessive force against him during a cell search on December 2, 2012. (SAC (ECF No. 13 at 6–7).) Again, plaintiff does not demonstrate that this claim was part of a systematic pattern of events, nor does he relate it to any of his other claims. Reviewing plaintiff's claims in their entirety, plaintiff has failed to show a factual similarity underlying each of his claims, that his claims arose from a systematic pattern of events, or that his claims were logically related to one another.[4]

In his opposition to defendants' motion to sever, plaintiff asserts that the incidents described in his SAC all began with a 602 grievance he filed against an unnamed person on December 5, 2011. (Opp. Mot. (ECF No. 28 at 2).) Plaintiff explains that, as a result of this grievance, he was singled out and retaliated against by defendants. (Id.) Plaintiff further claims this retaliation was "ongoing continuously" from December 5, 2011 to January 10, 2013, and that defendants retaliatory actions were done "in co-hoots" with one-another. (Id. at 1–2.)

These novel theories of liability not pleaded in the SAC will not be considered in the pending motion to sever. Harrison v. Linde, No. 2:12-cv-02000-KJM-CKD, 2013 WL 789119, at *2 (E.D. Cal. Mar. 1, 2013), report and recommendation adopted as modified, No. 2:12-cv-2000-KJM-CKD, 2013 WL 3872833 (E.D. Cal. July 25, 2013) (declining to consider new allegations in

---

[4] Plaintiff should be aware of the proper standards for joinder. Plaintiff has previously filed claims against each of these defendants in another action in 2013. Screening orders issued in that action on May 12, 2013, August 13, 2013, and September 25, 2013 included instructions on standards for permissive joinder. Plaintiff's claims relating to these defendants were ultimately dismissed without prejudice for misjoinder reasons. (See generally, Case No.: 2:13-cv-00596-KJM-AC (E.D. Cal.) (ECF Nos. 1, 5, 9, & 13).)

an opposition motion to a motion to sever). Plaintiff's SAC contains no facts in support of his assertion that all of his claims stem from a single prior incident on December 5, 2011. Plaintiff's SAC similarly fails to support his argument that defendants named in separate claims were acting "in co-hoots" with one another. Even if this court were to consider those new allegations contained within plaintiff's opposition, on their own they are vague and conclusory. As such, plaintiff's new allegations are insufficient evidence that his claims arose from the same transaction or occurrence.

For the foregoing reasons, plaintiff has not satisfied Rule 20's first requirement for permissive joinder.

**B. Common Questions of Law or Fact**

Plaintiff's claims all arise under 42 U.S.C. Section 1983, as he is alleging prison officials violated his constitutional rights. However, the mere fact that some of plaintiff's claims arise from the same general law does not necessarily establish a common question of law or fact among plaintiff's claims. Coughlin, 130 F .3d 1348, 1351. Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. Id. Additionally, where claims require significant individualized attention, they cannot be said to involve common questions of law or fact. Id.

In the instant case, plaintiff presents three types of claims: a Fourteenth Amendment due process claim, an Eighth Amendment excessive force claim, and two First Amendment retaliation claims. Each of these claims present unique legal issues. To establish a Fourteenth Amendment due process claim in relation to his ad-seg placement, plaintiff must show that: (1) prison officials failed to provide an informal, non-adversarial hearing within a reasonable time after being segregated; (2) notice of the reasons segregation was being considered; and (3) an opportunity for plaintiff to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) overruled on other grounds by Sandin v. Connor, 515 U.S. 472, 481 (1995). Comparatively, to prove an Eighth Amendment excessive force claim, plaintiff must show that "force was applied maliciously or sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Finally, to establish a First Amendment retaliation

8

claim, plaintiff must provide five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Since each of these types of claims require plaintiff to prove distinctly different legal elements, they cannot be said to involve common factual or legal questions.

Furthermore, although plaintiff does bring two First Amendment retaliation claims, each arise from discrete events and implicate entirely separate sets of defendants. As such, they will each require the court's individualized attention and cannot be said to present common questions of law and fact.

For the aforementioned reasons, plaintiff has not satisfied Rule 20's second requirement for permissive joinder.

## II. Prejudice to Plaintiff's Substantial Rights

In the instant case, defendants assert that the four claims of this lawsuit be should be severed, and that "Plaintiff should be directed to file separate actions, should he choose to." However, when crafting a remedy for misjoinder, "the judge is required to avoid gratuitous harm to the parties" including dismissal that would have "adverse statute-of-limitations consequences." Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000). For example, district courts in California have denied motions to sever where a plaintiff would be barred from re-filing his severed claims due to expiration of the relevant statute of limitations. See Rodriguez v. Tilton, No. 2:08-cv-1028-GEB-AC, 2013 WL 1163796, at *7 (E.D. Cal. Mar. 20, 2013) ("Even if the court was inclined to find that severance is appropriate under Rule 20(a), it may well be the case that granting defendants' motion would prejudice plaintiff, who at this late date may be unable to file separate actions without facing dismissal on timeliness grounds."); Johnson v. Gains, No. 09CV1312-LAB POR, 2011 WL 766685, at *5–6 (S.D. Cal. Jan. 26, 2011), report and recommendation adopted, No. 09CV1312-LAB POR, 2011 WL 765851 (S.D. Cal. Feb. 24, 2011) ("Dismissal of Plaintiff's claims . . . without prejudice would in effect be the equivalent of a dismissal with prejudice, as Plaintiff would be barred from refiling his claims . . . under the

applicable statute of limitations.").

The relevant statute of limitations has not been addressed by either party in this case. However, the court notes that, should plaintiff's claims be severed and dismissed without prejudice, he is likely to be time-barred from re-filing those claims as new actions. The Prison Litigation Reform Act of 1995 first requires that prisoners exhaust available administrative remedies before bringing an action in federal court challenging prison conditions. 42 U.S.C. § 1997e(a); Jackson v. Harrison, No. CV 08-8112 DOC JC, 2010 WL 3895478, at *8 (C.D. Cal. Aug. 25, 2010), report and recommendation adopted, No. CV 08-8112 DOC JC, 2010 WL 3895468 (C.D. Cal. Sept. 28, 2010). Thereafter, claims under 42 U.S.C. Section 1983 are governed by the forum state's statute of limitations for personal injury. Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997). California's statute of limitations for personal injury is two years. Cal. Code Civ. Proc. § 335.1. Additionally, prisoners serving a term of less than life are entitled to a two-year tolling provision before the commencement of the statute of limitations for bringing a civil rights action. Cal. Code Civ. Proc. § 352. Thus, the most generous statute of limitations available to plaintiff is four years.

Administrative appeal documents filed by plaintiff indicate that he exhausted the appeals process as to his first claim on October 23, 2012; his second and third claims on December 13, 2012; and his fourth claim as of July 2, 2013. (Exs. to Comp. (ECF No. 1 at 13, 27-28, 64-65, and 105-06).) Plaintiff's original complaint in this action was filed on October 31, 2013, within the aforementioned four-year statute of limitations period for each of his claims. (Compl. (ECF No. 1).) However, the statute of limitations for each of plaintiff's claims has since most likely expired. As a result, severing and dismissing any of plaintiff's claims at this time may potentially result in "adverse statute-of-limitations consequences."

With these considerations in mind, the undersigned will not recommend severing and dismissing plaintiff's misjoined claims. Instead, the undersigned recommends severing plaintiff's second, third, and fourth claims from this action, and thereafter directing the Clerk of the Court to file these claims as new actions with new case numbers. See, e.g. Harrison v. Linde, No. 2:12-CV-2000 KJM CKD, 2013 WL 3872833 at *1 (E.D. Cal. July 25, 2013) (severing unrelated

10

claims into separate lawsuits). The undersigned finds such a severance preserves the substantial rights of both parties, serves judicial efficiency, and comports with the interest of justice. Additionally, in the event plaintiff chooses not to pursue one or more of his severed claims, he may file a motion with this court to voluntarily dismiss those claims.

## CONCLUSION

Plaintiff's claims against different defendants neither arise out of the same transaction or occurrence, nor involve common questions of law and fact. Additionally, plaintiff's claims may be severed without dismissal in such a manner that plaintiff's substantial rights will not be prejudiced. As such, it is within the court's discretion to sever plaintiff's claims and allow them to proceed as separate actions going forward.

For the reasons set forth above, IT IS ORDERED that:

1. The Clerk of the Court assign a district judge to this action; and

IT IS RECOMMENDED that:

1. Defendants' May 24, 2017 motion to sever (ECF No. 23) be granted.
2. The claims in case No. 2:13-cv-2273 be severed into four separate actions, with the current case number remaining assigned to the Claim #1 against Defendants Peery, Gower, and Barnes.
3. The Clerk of Court be directed to assign new case numbers for the three remaining claims: Claim #2 against Defendants Barker and Lares, Claim #3 against Defendants McGrath, Parker, and Drake, and Claim #4 against Defendants Blauser and Smith.
4. The same district judge and magistrate judge be assigned in these new actions; and
5. The filings from case No. 2:13-cv-2273 be included on the dockets of each case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed

within 14 days after service of the objections.

The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Ext
DLB1/prisoner-civil rights/Jenk2273.sever